FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

2011 JAN 18 PM 1:09

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| **ROBERT WILLIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| **THE TRUSTEES OF PURDUE,** | ) 4:11CV006 |
| **UNIVERSITY,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Robert Willis ("Willis"), by counsel, brings this action against Defendant, The Trustees of Purdue University ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 et. Seq.

### II. PARTIES

2. Willis is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant is a duly organized institution of higher education which exists under the laws of the state of Indiana and is located in the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117, and 28 U.S.C. §1331.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Willis was an employee as that term is defined by 42 U.S.C. § 12102(c)(2).

7. Willis is a qualified individual with a disability as that term is defined by 42 U.S.C. §12102(c)(2). At all relevant times, Willis was a qualified individual with a disability, Defendant perceived Willis as being disabled as defined by the ADA, and/or Willis had a record of being disabled.

8. Willis satisfied his obligation to exhaust his administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination. Willis received a notice of suit rights and files the instant matter within ninety (90) days of receipt thereof.

9. All events, transactions, and occurrences giving rise to this lawsuit arose within the geographical environs of the Northern District of Indiana. Thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Defendant hired Willis in 1983. Willis was employed as a Grade 9 Master Machinist at the time of his termination.

11. At all times, Willis met or exceeded Defendant's legitimate expectations of performance.

12. In December 2008, Willis had a seizure at work and was diagnosed with a brain tumor. In February 2009, Willis underwent surgery to have the tumor removed.

13. As a result of his condition, Willis has suffered from various ill cognitive and mental effects.

14. On February 4, 2009 – one day after Willis underwent surgery – Defendant contacted Willis' wife and informed her that he was going to be terminated effective March 12,

-2-

2009. When Willis' wife advised that Defendant was violating its own policies, Defendant recanted its position.

15. In June 2009, Willis returned to work. Upon return, Willis was met with hostility, was disciplined for various things, and was assigned impossible tasks to complete.

16. Moreover, Defendant refused to return Willis to his former position.

17. Willis' supervisor, Mike Sherwood, expressed disdain for having to work with Willis after his seizures and return from surgery. Sherwood told Willis that he was "done trying to accommodate [Willis'] disability and that Willis' restrictions were ridiculous.

18. In September 2009, Willis was fully released to return to work by his doctor. Nevertheless, Sherwood would not restore Willis to his former position.

19. Upon return to work, Willis complained about his mistreatment at work, which complaints constituted protected activity. When Sherwood found out, this triggered more derogatory comments from Sherwood.

20. In January 2010, Defendant advised Willis that he was being laid off effective February 28, 2010. The stated reasons for this layoff were that there was not any work and they were shutting down that type of work.

21. On information and belief, work is still being done of this nature by other employees. Moreover, the head of the ME Department said that Willis was let go because of his performance at a speaking event.

22. Willis has been harmed by Defendant's unlawful conduct.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION AND RETAILIATION

23. Willis hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint.

24. Defendant unlawfully discriminated and retaliated against Willis because he was disabled and/or Defendant regarded him as being disabled and/or Willis had a record of being disabled.

25. Similarly-situated employees who were not disabled were treated more favorably in the terms, privileges, and conditions of their employment.

26. Defendant's actions were intentional, willful and in reckless disregard of Willis' rights as established by the ADA.

27. Willis suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Willis, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Payment to Willis of all lost wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Reinstate Willis to the position that he would have enjoyed but for Defendant's unlawful actions; and/or payment to Willis of front pay in lieu thereof;

3. Compensatory damages for Defendant's violation of the ADA.

4. Punitive damages for Defendant's violation of the ADA;

5. Payment to Willis of pre- and post- judgment interest;

6. Payment to Willis of all costs and attorneys fees incurred in this litigation; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Plaintiff, Robert Willis, ~~by counsel~~ R.D.W., requests a trial by jury on all issues deemed so triable.

_____
Plaintiff's Signature

ROBERT D. Willis
_____
Printed Name

2928 South River Rd. West Lafayette IN. 47906
_____
Address

TOOLS5951@YAHOO.COM
_____
E-mail address

765-714-5569
_____
Telephone number

-5-